IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03087-GPG

ERIC SCHWARTZ,

      Applicant,

v.

JOE PELLE,

      Respondent.

---

ORDER OF DISMISSAL

---

      Applicant, Eric Schwartz, is an inmate at the Boulder County Jail in Boulder,

Colorado.  Mr. Schwartz initiated this action by filing *pro se* an Application for Writ of

Habeas Corpus (ECF No. 1) seeking relief pertinent to his pending state court criminal

case in the Boulder County District Court.  The instant action was commenced and, on

November 17, 2014, Magistrate Judge Gordon P. Gallagher entered an order directing

Mr. Schwartz to cure certain deficiencies if he wishes to pursue his claims.  In particular,

Magistrate Judge Gallagher directed Mr. Schwartz to file an amended application on the

proper form and either to pay the $5.00 filing fee or to file on the proper form a motion

seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      On December 12, 2014, Mr. Schwartz filed a Prisoner's Motion and Affidavit for

Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 4)

and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No.

5).  Mr. Schwartz claims his constitutional rights are being violated because he cannot

afford bail, he is being denied a speedy trial, and his arraignment and preliminary

hearing were scheduled in a biased and prejudiced manner.  As relief he seeks

damages and he asks that the criminal charges be dropped and that he be released

immediately.  The motion seeking leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915 will be granted.

The Court must construe the amended application liberally because Mr.

Schwartz is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the

Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For

the reasons stated below, the action will be dismissed.

Absent extraordinary or special circumstances, federal courts are prohibited from

interfering with ongoing state criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37

(1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).  Abstention is

appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the

state proceedings implicate important state interests; and (3) the state proceedings

afford an adequate opportunity to present the federal constitutional challenges."

*Phelps*, 122 F.3d at 889.

The first condition is met because Mr. Schwartz concedes that the state court

proceedings are ongoing.  The second condition also is met because the Supreme

Court "has recognized that the States' interest in administering their criminal justice

systems free from federal interference is one of the most powerful of the considerations

that should influence a court considering equitable types of relief."  *Kelly v. Robinson*,

479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).  With respect to the third

condition, Mr. Schwartz fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings.

Mr. Schwartz "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  However, the fact that Mr. Schwartz will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury.  *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889.  It is Mr. Schwartz's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.*

Mr. Schwartz fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success.  He also fails to demonstrate any improper motivation for the charges.  Finally, there is no indication that the criminal case against Mr. Schwartz has been conducted in such a way as to constitute harassment or

an abuse of prosecutorial discretion.  Therefore, the Court finds that *Younger* abstention is appropriate in this action.

In summary, the instant action will be dismissed because Mr. Schwartz fails to allege facts that indicate he will suffer great and immediate irreparable injury if the Court does not intervene in the ongoing state court criminal proceedings.  If Mr. Schwartz ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 4) is granted.  It is

FURTHER ORDERED the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 5) is denied and the action is dismissed without prejudice.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

4

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __16th__ day of ___December_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court